# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ELISA PEREZ,

    *Plaintiff,*

    v.

SECOND ROUND SUB, LLC,

    *Defendant.*

CIVIL DIVISION

**ELECTRONICALLY FILED**

GD-20-_____

**PRAECIPE FOR WRIT
OF SUMMONS**

Filed on Behalf of Plaintiff:
Elisa Perez

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:    jward@fentersward.com

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ELISA PEREZ,                                          CIVIL DIVISION

       *Plaintiff,*                                **ELECTRONICALLY FILED**

       v.                                          GD-20-_____

SECOND ROUND SUB, LLC,

       *Defendant.*

### <u>PRAECIPE FOR WRIT OF SUMMONS</u>

TO     PROTHONOTARY OF THE COURT OF COMMON PLEAS OF ALLEGHENY
        COUNTY, PENNSYLVANIA:

    Kindly issue a writ of summons in the above-captioned matter.

                         Respectfully submitted,

                         THE LAW FIRM OF FENTERS WARD

Date: August 20, 2020        By: _____
                         Joshua P. Ward (Pa. I.D. No. 320347)
                         Kyle H. Steenland (Pa. I.D. No. 327786)

                         The Law Firm of Fenters Ward
                         The Rubicon Building
                         201 South Highland Avenue
                         Suite 201
                         Pittsburgh, PA 15206

                         Counsel for Plaintiff

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ELISA PEREZ,

    *Plaintiff*,

    vs.

SECOND ROUND SUB, LLC,

    *Defendant*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-20-009293

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:
Elisa Perez

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:    jward@fentersward.com

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2020, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ELISA PEREZ,                                            CIVIL DIVISION

        *Plaintiff*,                              **ELECTRONICALLY FILED**

        vs.                                     Case No. GD-20-009293

SECOND ROUND SUB, LLC,

        *Defendant*.

## COMPLAINT

AND NOW, comes Plaintiff, Elisa Perez, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Second Round Sub, LLC, of which the following is a statement:

## PARTIES

1.      Plaintiff, Elisa Perez (hereinafter "Elisa Perez"), is an adult individual who currently resides at 10 South Prince Street, Apartment 508, Lancaster, Pennsylvania 17603.

2.      Defendant, Second Round Sub, LLC, (hereinafter "Second Round Sub"), is a corporation with its principal place of business located at 4150 Freidrich Lane, Suite I, Austin, Texas 78744.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

4.      Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

2

**PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

5.      On August 5, 2019, Second Round Sub, filed a Civil Complaint against Elisa Perez in Magisterial District Court at Docket Number: MJ-02101-CV-0000089-2019. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6.      In response to the aforesaid lawsuit, Elisa Perez engaged The Law Firm of Fenters Ward for representation.

7.      On September 5, 2019, The Law Firm of Fenters Ward served Second Round Sub with a letter, (hereinafter, the "First Dispute Letter") wherein Second Round Sub was informed of the disputed nature regarding the alleged debt and that Elisa Perez was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

8.      This First Dispute Letter specifically stated that Elisa Perez "denie[d] owing Second Round Sub, LLC any amount of money" and informed Second Round Sub, LLC that Elisa Perez disputed any and all "Debts" Second Round Sub claimed to possess. See Exhibit "B".

9.      "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [Second Round Sub] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "B".

10.      Within the First Dispute Letter, The Law Firm of Fenters Ward demanded "proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and amendments thereto, any other written or signed documents agreed to by my client, as well as a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of

3

any assignment documentation evidencing your ownership rights to the specific accounts." See Exhibit "B".

11.     Following the First Dispute Letter, Second Round Sub possessed a duty to reflect the disputed nature of any and all tradelines associated with Elisa Perez and to communicate said disputed nature to any and all credit reporting agencies.

12.     Furthermore, Second Round Sub was directed to cease and desist from contacting Elisa Perez directly. See Exhibit "B".

13.     On September 5, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Elisa Perez's behalf. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "C".

14.     On October 11, 2019, a Civil Action Hearing was held before the Honorable Adam J. Witkonis, Magisterial District Judge. See Exhibit "A".

15.     On October 11, 2019, at the conclusion of the Civil Action hearing, Judge Adam J. Witkonis granted a JUDGMENT FOR DEFENDANT in favor of Elisa Perez and against Second Round Sub. A true and correct copy of the Notice of Judgment is attached hereto, made a part hereof, and marked as Exhibit "D".

16.     On November 10, 2019, Second Round Sub's appeal period expired, making Judge Adam J. Witkonis's JUDGMENT FOR DEFENDANT a final judgment: rendering the alleged debt extinguished, invalid, and unenforceable.

17.     Following the First Dispute Letter, Second Round Sub had a duty to report the disputed nature of any and all tradelines associated with Elisa Perez.

18.     On November 19, 2019, Second Round Sub caused false and inaccurate information about Elisa Perez to be furnished to TransUnion as Second Round Sub "updated" a tradeline associated with a disputed debt possessing an alleged balance of $454.00. A true and correct copy of the tradeline is attached hereto, made a part hereof, and marked as Exhibit "E".

19.     Second Round Sub reported the abovementioned tradeline as "Remarks: >PLACED FOR COLLECTION<" and "Pay Status: >In Collection<". See Exhibit "E".

20.     This furnished information associated with the alleged and disputed debt controverted the disputed nature of the alleged debt and purported the alleged debt to be undisputed.

21.     Therefore, Second Round Sub falsely represented the character and legal status of the alleged and disputed debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

22.     Upon falsely and inaccurately representing the character and legal status of the alleged and disputed debt, Second Round Sub communicated credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

23.     Furthermore, Second Round Sub failed to report the disputed nature of the tradeline associated with the alleged and disputed debt in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

### COUNT I
### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.*

24.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

25.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

26. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

27. Elisa Perez is a "consumer" as defined by § 1692a(3) of the FDCPA.

28. Second Round Sub is a "debt collector" as defined by § 1692a(6) of the FDCPA.

29. Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

30. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

31. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e of the FDCPA.

32.     On September 5, 2019, The Law Firm of Fenters Ward served Second Round Sub with the First Dispute Letter wherein Second Round Sub was informed of the disputed nature regarding any and all alleged debts associated with Elisa Perez. See Exhibit "B".

33.     Following the First Dispute Letter, Second Round Sub possessed a duty to reflect the disputed nature of any and all tradelines associated with Elisa Perez and to communicate said disputed nature to any and all credit reporting agencies.

34.     On November 19, 2019, Second Round Sub furnished information to TransUnion regarding a disputed debt possessing an alleged balance of $454.00.

35.     Second Round Sub reported that the tradeline associated with the alleged and disputed debt was "Remarks: >PLACED FOR COLLECTION<" and "Pay Status: >In Collection<." See Exhibit "E".

36.     This communication of credit information associated with the alleged and disputed debt controverted its disputed nature and thereby constituted a false representation of the character and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

37.     By falsely and inaccurately representing the character and legal status of the alleged and disputed debt, Second Round Sub thereby communicated credit information which is known or which should be known to be false and thus violated 15 U.S.C. § 1692e(8) of the FDCPA.

38.     In the abovementioned report, Second Round Sub failed to report the disputed nature of the tradeline associated with the alleged and disputed debt in further violation of 15 U.S.C. § 1692e(8) of the FDCPA. See Exhibit "E".

39.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

7

40.    Here, the only natural consequence of Second Round Sub's acts of willfully communicating credit information which was known to be false was to harass, oppress, and abuse Elisa Perez.

41.    As such, Second Round Sub's conduct, as set forth above, violated 15 U.S.C. § 1692d of the FDCPA.

42.    Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

43.    As a direct and proximate result of Second Round Sub's violations of the FDCPA, as set forth above, Elisa Perez has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Elisa Perez, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Second Round Sub, LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: August 14, 2020                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

EXHIBIT A

# Magisterial District Judge 02-1-01

## DOCKET



Docket Number: MJ-02101-CV-0000089-2019

# Civil Docket

Second Round Sub, LLC
v.
Elisa Perez

Page 1 of 2

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Adam J. Witkonis | File Date: | 08/05/2019 |
| Claim Amount: | $1,575.75 | Case Status: | Closed |
| Judgment Amount: | | County: | Lancaster |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 09/09/2019 | 8:00 am | | Magisterial District Judge Adam J. Witkonis | Continued |
| Civil Action Hearing | 10/11/2019 | 10:30 am | | Magisterial District Judge Adam J. Witkonis | Scheduled |

## CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | Perez, Elisa | Lancaster, PA 17603 |
| Plaintiff | Second Round Sub, LLC | Parsippany, NJ 070545020 |

## DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-02101-CV-0000089-2019 | Second Round Sub, LLC | Elisa Perez | Judgment for Defendant | 10/11/2019 |

## ATTORNEY INFORMATION

| **Private** | **Private** |
|---|---|
| Name: Ian Zev Winograd, Esq. | Name: Brian J. Fenters, Esq. |
| Representing: Second Round Sub, LLC | Representing: Perez, Elisa |
| Counsel Status: Active - Entry of Appearance | Counsel Status: Active - Entry of Appearance |
| Supreme Court No.: 317465 | Supreme Court No.: 320202 |
| Phone No.: 973-753-5100 | Phone No.: 412-545-3016 |
| Address: Pressler, Felt & Warshaw 7 Entin Road Parsippany, NJ 07054-5020 | Address: The Law Firm of Fenters Ward 201 South Highland Avenue, Suite 201 Pittsburg, PA 15206 |
| Entry of Appearance Filed Dt: 08/05/2019 | Entry of Appearance Filed Dt: 09/05/2019 |
| Withdrawal of Entry of Appearance Filed Dt: | Withdrawal of Entry of Appearance Filed Dt: |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 02-1-01

## DOCKET

Docket Number: MJ-02101-CV-0000089-2019

# Civil Docket



Second Round Sub, LLC

v.

Elisa  Perez

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 10/11/2019 | Judgment for Defendant | Magisterial District Court 02-1-01 | Elisa Perez, Defendant |
| 09/05/2019 | Intent to Defend Filed | Elisa Perez | Elisa Perez, Defendant |
| 09/05/2019 | Entry of Appearance Filed | Brian J. Fenters, Esq. | Elisa Perez, Defendant |
| 08/19/2019 | Certified Civil Complaint Accepted | Magisterial District Court 02-1-01 | Elisa Perez, Defendant |
| 08/05/2019 | Certified Civil Complaint Issued | Magisterial District Court 02-1-01 | Elisa Perez, Defendant |
| 08/05/2019 | Entry of Appearance Filed | Ian Zev Winograd, Esq. | Second Round Sub, LLC, Plaintiff |
| 08/05/2019 | Civil Complaint Filed | Second Round Sub, LLC | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# EXHIBIT B



**THE LAW FIRM OF**
# FENTERS WARD
A I M   T O   W I N

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

412-545-3016 Office
412-540-3399    Fax

September 5, 2019

Second Round Sub, LLC
% Ian Zev Winograd, Esq.
Pressler, Felt & Warshaw
7 Entin Road
Parsippany, NJ 07054

**Sent via U.S. Mail**

Re:  Our Client:          Elisa Perez
        Docket Number:    MJ-02101-CV-0000089-2019
        Account #'s:           xxx

To Whom It May Concern:

Please accept this letter as confirmation of my representation of **<u>Elisa Perez</u>** with a current address of **<u>10 S. Prince St. Apt. 508, Lancaster, PA 7603.</u>** My representation of the above-mentioned client includes any related debt(s) and/or credit account(s) your company claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter (the "Debts"). Please cease and desist any further communications with my client as it relates to the collection of Debts.

According to my client, your company has been reporting the above-referenced accounts to collection and/or credit agencies. My client denies owing **Second Round** any amount of money and demands proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and any amendments thereto, any other written or signed documents agreed to by my client, as well as, a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your ownership rights to the specific accounts.

Pursuant to the Consumer Financial Protection Act (**CFPA**) 12 U.S.C. 5533(a) and the Fair Debt Collection Practices Act (**FDCPA**) 15 U.S.C. § 1692 <u>et seq</u>. we request that you provide additional documents related to the Debt you claim is owed by our client:

1. the original account-level documentation reflecting all purchases, payments, or other actual uses of the account;

2. a document signed by our client evidencing the opening of the account forming the basis for the debt;

3. the name of the creditor at the time of charge-off, including the name under which the creditor did business with our client;

4. the last four digits of the account number associated with the debt at the time our client's last monthly account statement, or, if not available, at the time of charge-off; the charge-off balance;

5. **Second Round** method of calculating any amount claimed in excess of the charge-off balance;

6. a copy of the statement where **Second Round** offered to provide our client (within 30 days of a written request) with copies of a document signed by our client evidencing the opening of the account forming the basis for the debt; and the original account-level documentation reflecting a purchase, payment, or other actual use of the account.

    Please be advised that at all times relative hereto, we are disputing this debt under the FDCPA, FCRA, FCEUA and/or the UTPCPL. **AS SUCH YOU MUST 1) NOTIFY ANY CRAs YOU HAVE FURNISHED INFORMATION TO THAT THIS TRADE LINE IS DISPUTED; 2) YOU MUST CEASE ALL COLLECTION ATTEMPTS AND DELETE THE TRADE LINE UPON FINAL DISMISSAL OF THE DEBT COLLECTION LAWSUIT IF JUDGMENT IS RENDERED IN FAVOR OF DEFENDANT.** You may direct the requested proof to my office at the address listed above. **YOU HAVE THIRTY (30) DAYS TO PROVIDE THE REQUESTED PROOFS.** All future correspondence or contact shall be directed to my office until my office provides written confirmation of termination of legal representation, if such termination should ever occur. **YOU MUST PROVIDE THIS NOTICE TO ANY ASSIGNEE, TRANSFEREE OR SUBSEQUENT OWNER OF THIS OR ANY DEBT. IF YOU FAIL IN ANY OF THESE REGARDS, YOU WILL BE SUBJECT TO LIABILITY UNDER FEDERAL AND STATE CONSUMER PROTECTION LAWS.**

Very Truly Yours,

Joshua P. Ward, Esq.
Direct Dial: (412) 545-3015
Email: jward@fentersward.com

JPW/slk
cc: Elisa Perez

**UNITED STATES POSTAL SERVICE** ®

**Firm Mailing Book For Accountable Mail**

Name and Address of Sender

The Law Firm of Fenters Ward
201 S Highland Avenue, Ste 201
Pittsburgh, PA 15206

Check type of mail or service

☐ Adult Signature Required
☐ Adult Signature Restricted Delivery
☐ Certified Mail
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery (COD)
☐ Insured Mail
☐ Priority Mail
☐ Priority Mail Express
☐ Registered Mail
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Affix Stamp Here
*(for additional copies of this receipt).*
**Postmark with Date of Receipt.**

SEP – 5 2019

| USPS Tracking/Article Number | Addressee (Name, Street, City, State, & ZIP Code™) | Postage | (Extra | Handling | Actual Value | Insured | Due | ASR | ASRD | RD | RR | SC | SCRD | SH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8. Elisa Perez<br>CV-89<br>1st Dispute letter | Second Round ℅ Ian Zev Winograd<br>Pressler, Felt & Warshaw<br>7 Entin Road<br>Parsippany, NJ 07054 | | | Han | | | | | | | | | | |

Total Number of Pieces Listed by Sender: 8

Total Number of Pieces Received at Post Office

Postmaster, Per *(Name of receiving employee)*

PS Form **3877,** January 2017 *(Page 1 of 2)*
PSN 7530-02-000-9098

**Complete in Ink**

Privacy Notice: For more information on USPS privacy policies, visit *usps.com/privacypolicy.*

EXHIBIT C

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF



# ENTRY OF APPEARANCE
# PURSUANT TO PARCPMDJ
# 207.1(A)

| Mag. Dist. No: |
| MDJ Name: |
| Address: |
| Telephone: |

_____

v.

_____

Docket No:
Case Filed:

**TO THE MAGISTERIAL DISTRICT COURT:**

      Please enter my appearance on behalf of _____
In the above captioned matter.


Attorney Name: _____

Supreme Court of Pennsylvania Attorney Identification Number: _____

Firm Name: _____

Address: _____

City, ST, Zip: _____

Telephone Number: _____


I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.


/s/ Brian J Fenters
_____          _____
**Signature of Applicant**                    **Date**

**FREE INTERPRETER**
www.pacourts.us/language-rights

THE LAW FIRM OF

# FENTERS WARD

A I M   T O   W I N

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

412-545-3016 OFFICE
412-540-3399    FAX

September 5, 2019

Magisterial District Number: 02-1-01

Honorable Adam J. Witkonis

641 Union Street

Lancaster, PA 17603

Phone: 717-299-7896

**Sent via:** Fax 717-390-2345

RE:         CV-089-2019. Second Round Sub, LLC v Elisa Perez

### INTENT TO DEFEND NOTICE:

DEFENDANT INTENDS TO ENTER A DEFENSE. PLEASE CONSIDER THIS NOTICE PER Pa. R. Civ. P. MAG DIST J RULE 305(4)(a).

PLEASE NOTIFY THE PLAINTIFF THAT DEFENDANT HAS ENTERED NOTICE TO DEFEND PER Pa. R. Civ. P. MAG DIST J RULE 318.

ALSO, PLEASE UPDATE THE DOCKECT TO SHOW THAT DEFENDANT INTENDS TO DEFEND AS WELL AS OUR ENTRY OF APPEARANCE.

Sincerely,

*/s/ Brian Fenters*

Brian J. Fenters, Esq.
bfenters@fentersward.com
PA Bar# 320202
412-545-3016

BF/slk
CC: Elisa Perez

EXHIBIT D

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LANCASTER



**NOTICE OF JUDGMENT/TRANSCRIPT
CIVIL CASE**

| | |
|---|---|
| Mag. Dist. No: | MDJ-02-1-01 |
| MDJ Name: | Honorable Adam J. Witkonis |
| Address: | 641 Union Street<br>Lancaster, PA 17603 |
| Telephone: | 717-299-7896 |

Brian J. Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Second Round Sub, LLC
v.
Elisa Perez

Docket No:  MJ-02101-CV-0000089-2019
Case Filed:  8/5/2019

---

**Disposition Details**

**Disposition Summary** (cc - Cross Complaint)

| <u>Docket No</u> | <u>Plaintiff</u> | <u>Defendant</u> | <u>Disposition</u> | <u>Disposition Date</u> |
|---|---|---|---|---|
| MJ-02101-CV-0000089-2019 | Second Round Sub, LLC | Elisa Perez | Judgment for Defendant | 10/11/2019 |

Comments:

---

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION. YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

_10/11/19_
Date

_Adam Witkonis_
Magisterial District Judge Witkonis

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

_____
Date

_____
Magisterial District Judge

**RECEIVED**
**OCT 18 2019**

**FREE INTERPRETER**
www.pacourts.us/language-rights
717-390-7753

Second Round Sub, LLC
v.
Elisa Perez

Docket No.: MJ-02101-CV-0000089-2019

# Participant List

### Private(s)

Brian J. Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Ian Zev Winograd, Esq.
Pressler, Felt & Warshaw
7 Entin Road
Parsippany, NJ 07054-5020

### Plaintiff(s)

Second Round Sub, LLC
c/o Pressler, Felt & Warshaw, LLP
7 Entin Road
Parsippany, NJ 07054-5020

### Defendant(s)

Elisa Perez
10 S. Prince Street Apt 508
Lancaster, PA 17603



**FREE INTERPRETER**
www.pacourts.us/language-rights
717-390-7753

## **VERIFICATION**

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: August 14, 2020                    By: _____

        Joshua P. Ward (Pa. I.D. No. 320347)
        Kyle H. Steenland (Pa. I.D. No. 327786)

        The Law Firm of Fenters Ward
        The Rubicon Building
        201 South Highland Avenue
        Suite 201
        Pittsburgh, PA 15206

        Counsel for Plaintiff

# CONFIDENTIAL
# DOCUMENT FORM

*Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*
204 Pa. Code § 213.81
www.pacourts.us/public-records

_____
(Party name as displayed in case caption)

_____
Docket/Case No.

Vs.

_____
(Party name as displayed in case caption)

_____
Court

This form is associated with the pleading titled _____, dated _____, _____.

Pursuant to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*, the Confidential Document Form shall accompany a filing where a confidential document is required by law, ordered by the court, or is otherwise necessary to effect the disposition of a matter. This form shall be accessible to the public, however the documents attached shall not be publicly accessible, except as ordered by a court. The documents attached will be available to the parties, counsel of record, the court, and the custodian. **Please only attach documents necessary for the purposes of this case.** Complete the entire form and check all that apply. This form and any additional pages must be served on all unrepresented parties and counsel of record.

| Type of Confidential Document | Paragraph, page, etc. where the confidential document is referenced in the filing: |
|---|---|
| Financial Source Documents | |
|   Tax Returns and schedules | |
|   W-2 forms and schedules including 1099 forms or similar documents | |
|   Wage stubs, earning statements, or other similar documents | |
|   Credit card statements | |
|   Financial institution statements (e.g., investment/bank statements) | |
|   Check registers | |
|   Checks or equivalent | |
|   Loan application documents | |
| Minors' educational records | |
| Medical/Psychological records | |
| Children and Youth Services' records | |
| Marital Property Inventory and Pre-Trial Statement as provided in Pa.R.C.P. No. 1920.33 | |
| Income and Expense Statement as provided in Pa.R.C.P. No. 1910.27(c) | |
| Agreements between the parties as used in 23 Pa.C.S. §3105 | |

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

*/s/ Joshua P. Ward*
_____
Signature of Attorney or Unrepresented Party

_____
Date

Name: _____

Attorney Number: (if applicable) _____

Address: _____

Telephone: _____

_____

Email: _____

Rev. 7/2018